IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 1:10-cr-191 |
| ) | |
| AUGUSTIN ORTIZ ) | |
| ) | |
| Defendant. ) | |

**MOTION TO CONTINUE TRIAL DATE FOR CONSOLIDATION WITH CO-CONSPIRATOR JORGE GUTIERREZ AND MOTION FOR THE ISSUANCE OF A *WRIT OF HABEAS CORPUS AD PROSEQUENDUM* FOR JORGE GUTIERREZ PURSUANT TO TITLE 28, UNITED STATES CODE, SECTION 2141(c)(5)**

The United States of America, through its attorneys, Neil H. MacBride, United States Attorney for the Eastern District of Virginia, and Dennis M. Fitzpatrick, Assistant United States Attorney, hereby respectfully move this Honorable Court to continue the trial date in this matter. The United States respectfully represents that the trial of Augustin Ortiz should be continued until such time that co-conspirator Jorge Gutierrez arrives in this jurisdiction. *See* Title 18, United States Code, Section 3161(h)(6).[1] The proposed delay will not be unreasonably long. Upon information and belief, it is possible that Jorge Gutierrez will be transferred to this jurisdiction in one month. Accordingly, it is also possible that a joint trial of the co-conspirators could be conducted as soon as August or September 2011. The United States further submits that any rights of the defendant are not compromised by this request. In support thereof, the government states the following:

1. On June 3, 2010, Jorge Gutierrez, Augustin Ortiz, and 13 other defendants were

---

[1] The time when proceedings are initiated and underway to transport Mr. Gutierrez to this district for prosecution with Mr. Ortiz are excluded against Mr. Ortiz pursuant to Title 18, United States Code, Section 3161(h)(1)(E).

indicted on an allegation that they had engaged in a conspiracy to distribute more than 5 kilograms of cocaine in violation of Title 21, United States Code Sections, 841(a)(1) and 846.[2]  Thirteen defendants were convicted in this matter – eleven by way of guilty pleas and 2 were convicted by a jury on October 7, 2010.  Defendant Jorge Gutierrez has not yet made an appearance in this district.  Defendant Augustin Ortiz, aka "Tino", made his initial appearance in this district on March 16, 2011.

2.	Approximately two days prior to the indictment in this matter, authorities in Travis County Texas arrested Jorge Gutierrez after he allegedly committed a double homicide in an adult entertainment facility in Houston, Texas.

3.	Jorge Gutierrez has remained incarcerated on those charges in Travis County Texas since the time of his arrest.

4.	Approximately 3-4 weeks prior to the indictment in this matter, Augustin Ortiz was arrested by local authorities on a local matter and then subsequently prosecuted by the Southern District of Texas on an charge related to his illegal entry into the United States.  Mr. Ortiz remained incarcerated for that offense until his arrival to this district on March 16, 2011.  The case against Augustin Ortiz is currently set for trial in this matter on June 1, 2011.

5.	On May 5, 2011, the undersigned attorney for the United States spoke with Assistant District Attorney Mark Pryor, who is handling the Gutierrez prosecution in Travis County Texas.  Mr. Pryor states that the Gutierrez Texas trial is currently set for the first week in December, 2011.

6.	Mr. Pryor also stated that he does not object to the federal government taking custody of Mr. Gutierrez and transporting him to the Eastern District of Virginia to face the pending charge.

---

[2] An additional defendant was subsequently arrested upon a criminal complaint related to this investigation.  This defendant pled guilty.

7. Accordingly, the government submits that Mr. Gutierrez and Mr. Ortiz should be tried together in the interest of judicial economy and efficiency. The allegations set forth in the indictment, and the evidence adduced at trial in October 2010 for co-co-conspirators Jamin Oliva-Madrid and Esteban Salguero-Ortiz, demonstrate that this is a structured, organized, hierarchical conspiracy, thereby requiring the government to introduce evidence of the entire conspiracy to prove the guilt of any one conspirator. In light of the fact that it is now possible to transport Mr. Gutierrez to this district for prosecution, the best course of action is to resolve the guilt or innocence of the remaining two defendants in a joint trial rather than facing the prospect of having two further identical trials following the same trial last October.

8. The Speedy Trial Act, Title 18, United States Code, Section 3161(c)(1), requires that the trial of a Defendant charged in an indictment occur within 70 days from the later of the filing of the indictment or the date on which the Defendant appeared before a judicial officer in the court in which the indictment is pending. 18 U.S.C. § 3161(c)(1). However, 18 U.S.C. § 3161(h) sets forth several ways under which the time period can be extended or excluded under the Speedy Trial Act. The government submits that the speedy trial protections for Augustin Ortiz are protected, and no violation of the Act occurs, if the court continues the trial date to mid-August or September to join Mr. Ortiz for trial with Mr. Gutierrez. 18 U.S.C. § 3161(h)(6) allows for a "reasonable period of delay when the defendant is joined for trial with a co-defendant as to whom the time for trial has not run and no motion for severance has been granted." *See US v Tedder*, 801 F.2d 1437 (4th Cir. 1986)(trial delay was properly excluded under the Speedy Trial Act based on the Court's finding that there was a "reasonable period of delay when the defendant is joined for trial with a co-defendant as to whom the time for trial has not run.") Critically, 18 U.S.C. § 3161(h)(1)(E) excludes from the

time calculation for Mr. Ortiz any period or delay "resulting from any proceeding relating to the transfer of a case or the removal of any defendant from another district under the federal Rules of Criminal Procedure."

9. The Speedy Trial Act protections for Mr. Gutierrez begin when he makes his first appearance in this district. It is possible that Mr. Gutierrez can make his initial appearance in this district within a month. The first appearance for Mr. Gutierrez will be held in accordance with Rule 5 of the Federal Rules of Criminal Procedure. His arraignment will be held in accordance with Rule 10 of the Federal Rules of Criminal Procedure. Accordingly, the United States also requests the issuance by this court of a *Writ of Habeas Corpus Ad Prosequendum* for Mr. Gutierrez pursuant to Title 28, United States Code, Section 2141(c)(5), so that he will make his initial appearance under Rule 5 or arraignment under Rule 10 of the Federal Rules of Criminal Procedure.

    Respectfully submitted,

    Neil H. MacBride
    United States Attorney

By:     /s/
    Dennis M. Fitzpatrick
    Virginia Bar No.: 44858
    Attorney for the United States of America
    United States Attorney's Office
    Justin W. Williams U.S. Attorney's Building
    2100 Jamieson Avenue
    Alexandria, Virginia 22314
    Phone: 703-299-3954
    Fax: 703-299-3981
    Email Address: dennis.fitzpatrick@usdoj.gov

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that on the 7th day of May, 2011, I electronically filed the foregoing Motion with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

    Matthew Wartel, Esq.
    Attorney for Augustin Ortiz

    \s\
    Dennis M. Fitzpatrick
    Virginia bar No.: 44858
    Attorney for the United States of America
    United States Attorney's Office
    Justin W. Williams U.S. Attorney's Building
    2100 Jamieson Avenue
    Alexandria, Virginia 22314
    Phone: 703-299-3954
    Fax: 703-299-3981
    Email Address: dennis.fitzpatrick@usdoj.gov